(75 App. Div. 426.)

## DAVIDSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. STREET RAILROADS—ACCIDENT ON TRACKS—NEGLIGENCE.

While a boy was crossing a street on a clear evening, his hat was blown off, and, in pursuing it, he ran on a car track and was struck by a car coming from the rear. When he started for his hat, the car was from 100 to 125 feet away, and going at a rapid rate of speed. The motorman gave no warning. *Held*, that the questions of negligence were for the jury.

2. SAME—INSTRUCTIONS.

Where there was evidence that the motorman could not have stopped the car in time to avoid the accident, and that he was not bound to anticipate what the boy would do, it was error to modify a requested charge that defendant was not liable if the boy either stepped on the track or tried to pick up his hat from the track when the car was so near that it could not be stopped, by charging, "unless there was sufficient in the evidence to have given a reasonable notice to the motorman as to the probable conduct of the boy."

Ingraham, J., dissenting in part.

Appeal from trial term, New York county.

Action by Henry Davidson, as administrator, against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying motion for a new trial, defendant appeals. Reversed.

Argued before HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

C. F. Brown, for appellant.
C. Haldane, for respondent.

PATTERSON, J. On the 20th of November, 1898, Ellis Davidson, the plaintiff's intestate, a lad of about 17 years of age, was struck by an electric car operated by the defendant's servants, and received injuries from which he died 10 days afterwards. The circumstances under which the accident occurred are, briefly, the following: The decedent lived in the neighborhood of 108th street and Madison avenue. He crossed the avenue from the west to the east at 108th street, at about 8 o'clock on a windy, but bright and clear, evening. He reached the easterly side of Madison avenue, when his hat was blown off in a northerly direction by the wind. He started in pursuit of it, and ran onto the track of the defendant's road, where he picked up the hat at a point in the track about 20 feet north of the northerly crosswalk of 108th street. Before he could leave the track, the car struck him. When the car was first observed by some of the witnesses for the plaintiff, it was proceeding northward, and was nearer 107th street than 108th street. The evidence authorized the conclusion that, when the boy started to run for his hat, the car was from 100 to 125 feet south of him. It was going at a rapid rate, or, as one of the witnesses says, at full speed. The motorman did not ring the bell, nor does it appear that any warning was given.

The plaintiff's contention is that the motorman was negligent in

not ringing the bell or giving warning, in proceeding at full speed, and in failing to observe on a bright, clear evening that the boy was running towards and was upon the track; and that by paying ordinary attention to the situation the motorman could not fail to have seen the decedent when he was upon the track, and that he could have stopped the car in time to avoid contact with the boy.

The claim on the part of the defendant is that the car could not possibly have been stopped in time to avert the accident; that the situation was such that the motorman could not have anticipated the purpose of the boy to go upon the track, or become aware that such was his intention, until the car had approached so near to the boy that it could not be stopped in time to avoid a collision.

The court was right in leaving to the jury the question of the defendant's negligence, and gave proper instructions upon the subject of contributory negligence, which, under all the facts of the case, was a question for the jury. But error was committed in the refusal of the court to charge a request of the defendant which, as the case shaped itself on its final submission, became a matter of importance. Counsel for the defendant made the following request to charge: "Also, in the same connection, if the boy either stepped on the track or tried to pick up his hat from the track when the car was then so near to the boy that the motorman could not by the exercise of reasonable, ordinary care stop it in time to avoid the accident, then the defendant is not liable." The court modified this request and said, "unless there was sufficient in the evidence to have given a reasonable notice to the motorman as to the probable conduct of the boy." If that request stood alone, the court might have been justified in refusing to charge it, because it omits all reference to antecedent conditions which may have constituted negligence to which the accident could be attributed. But it is to be observed that the request was made in connection with one that immediately preceded it, and which the court charged. It is as follows: "I would ask your honor to charge that the motorman was not bound to anticipate that the boy either would step on the track or would try to pick up his hat from the track when the car was then so near to the boy that the motorman could not by the exercise of reasonable, ordinary care stop it in time to avoid the accident." This last-mentioned request charged by the court concedes that there was evidence in the case from which it might be found that the boy stepped upon the track, or attempted to pick up his hat from the track, when the car was so near that the motorman could not by the exercise of reasonable, ordinary care, stop it in time to avoid the accident, and that the motorman was not bound to anticipate that the boy would do so. That being so, the defendant was entitled to the further instruction that it was not liable under such circumstances.

For this error, the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

HATCH, J., concurs.    LAUGHLIN, J., concurs in result.

INGRAHAM, J.   I concur with Mr. Justice PATTERSON, except so far as there is an intimation that the court properly left to the jury the question of the defendant's negligence, as I think there is no evidence to sustain a finding of the defendant's negligence, or that the plaintiff's intestate was free from contributory negligence.

The plaintiff's intestate, having crossed the tracks of the defendant's road at the corner of 108th street and Madison avenue, and being on the east side of Madison avenue near the crosswalk, lost his hat, the wind blowing it off.   When his hat blew off, one of the defendant's cars was between 107th and 108th streets, going north at a rapid rate of speed.   The plaintiff's intestate ran after his hat, running in front of the approaching car, when he was struck by the car and thrown back to the east side of the street, sustaining injuries which resulted in his death.   This accident happened on the evening of the 20th of November, 1898, between 7 and 9 o'clock, when it was quite dark.   One of the witnesses for the plaintiff testified, in answer to the question, "Did you see him step on the track?"   "I saw him bend,—that is, make an effort to bend.   I just saw him reach the track and about bend, and then he was struck.   I didn't see him grab the hat.   He ran toward the track, and then he was struck.   *   *   *   I don't know whether he got either foot on that track before he was hit.   The fender struck him.   The fender might have struck him before he got onto the track.   I didn't see that.   *   *   *   When the boy got up within two feet of that track I saw him and kept my eye on him as he ran across the street over towards the track.   I watched him.   When the boy got up within two feet of the east rail of that car track, that car was a short distance away."   Another witness testified that he saw the boy's hat blown off, the boy start to run after the hat, and immediately after the car ran on him and hit him in the back.

Upon this testimony, I do not think that the finding that the defendant was guilty of negligence, or the plaintiff's intestate free from contributory negligence, can be sustained.   The car was going on its way uptown, with nothing to indicate danger, or that anyone was upon the track or intended to cross it.   Both witnesses for the plaintiff united in saying that all this happened almost instantly, and that the car struck the plaintiff's intestate either just before or just as he had placed his foot upon the track.   There is nothing to show that the motorman could have anticipated that the plaintiff's intestate would thus run immediately in front of the car, or that at any time after the plaintiff's intestate appeared in such a position the motorman had time to stop the car and avert the accident.   There is, therefore, an entire absence of evidence to justify a finding that the defendant was negligent; and upon the whole case it appears that the accident resulted because of the negligence of the boy's running immediately in front of the car, being so engrossed in the pursuit of his hat that he omitted to look to see if a car was approaching.